UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| STRIKE 3 HOLDINGS, LLC, | Case No.17-cv-07007-EDL |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING EX PARTE APPLICATION FOR LEAVE TO SERVE EARLY DISCOVERY ON NON-PARTY** |
| JOHN DOE, | |
| Defendant. | Re: Dkt. No. 8 |

Currently pending before the Court is Plaintiff's ex parte application for leave to serve early discovery on a non-party. For the following reasons, the Court DENIES the application with leave to file an amended application.

Plaintiff is the owner of adult-content movies that it distributes through its websites. Compl., ¶¶ 2-3. Plaintiff alleges that Defendant has used the BitTorrent protocol to download and distribute Plaintiff's movies to others in violation of Plaintiff's copyrights in the material. Compl., ¶ 4. According to the complaint, Defendant has infringed Plaintiff's copyrights in 75 movies over a prolonged period of time. Id. Defendant is known to Plaintiff only by his or her IP address 67.169.56.226 that is alleged maintained by Comcast Cable Communications, LLC ("Comcast"), which is an Internet service provider ("ISP"). Compl., ¶ 5.

In order to uncover Defendant's identity and effect service, Plaintiff seeks leave from the Court to serve a subpoena on Comcast. Federal Rule of Civil Procedure 26(d)(1) requires a court order for discovery if it is requested prior to a Rule 26(f) conference between the parties. Fed. R. Civ. P. 26(d)(1). Here, the Rule 26(f) conference has not occurred and, therefore, a court order for the requested third-party subpoena is required.

Generally, a "good cause" standard applies to determine whether to permit such early discovery. See Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002).

"Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice of the responding party." Id. In cases involving unknown defendants, "plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). To determine whether there is "good cause" to permit expedited discovery to identify doe defendants, courts consider whether:

> (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible.

OpenMind Solutions, Inc. v. Does 1–39, 2011 WL 4715200, at *2 (N.D. Cal. Oct. 7, 2011) (citing Columbia Ins. Co.v. seescandy.com, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999)).

While Plaintiff's application and accompanying declarations have sufficiently established good cause under the first, second, and third prongs of the Columbia test, Plaintiff has failed to provide evidence that is sufficient to demonstrate that the proposed subpoena to Comcast is likely to reveal the identity of Defendant under the fourth prong of the test. Plaintiff's application asserts that the IP address is maintained by Comcast, but it does not provide any evidence supporting that assertion. Without proper support, the Court is unable to verify that Comcast is likely to have the information sought. For this reason, Plaintiff's application for early discovery is denied with leave to file an amended application that addresses this issue.

In addition, the Court notes that it has reviewed and granted similar applications for early discovery that have been filed by Plaintiff in other copyright infringement cases. In those cases, the Court has granted the applications, but, in doing so, substantially modified Plaintiff's proposed order to ensure that it included provisions that adequately specified the information it was permitted to obtain from the ISP, protected the ISP subscriber's anonymity in the event of misidentification, and gave both the ISP and the ISP subscriber notice about their rights to

challenge the subpoena.  See, e.g., Strike 3 Holdings, LLC v. John Doe Subscriber Assigned IP Address 108.222.65.153, 3:17-cv-06659-EDL, Dkt. No. 10.  Although Plaintiff is certainly aware of these necessary provisions by this point, it nonetheless filed a seriously deficient proposed order with this application that failed to include any of the provisions that the Court has previously required.  In the future, the Court will not grant any additional applications by Plaintiff for early discovery unless these provisions are included.  If Plaintiff files an amended application, it is directed to also file an amended proposed order.

**IT IS SO ORDERED.**

Dated: January 11, 2018

ELIZABETH D. LAPORTE
United States Magistrate Judge