UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN DOE subscriber assigned IP address 67.169.56.226, <br><br> Defendant. | Case Number: 3:17-cv-07007-EDL <br><br> [AMENDED PROPOSED] **ORDER ON *EX-PARTE* MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE** |

**THIS CAUSE** came before the Court upon Plaintiff's *Ex-Parte* Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (the "Motion"), and the Court being duly advised does hereby:

**FIND, ORDER AND ADJUDGE:**

1. Plaintiff has established that "good cause" exists for it to serve a third party subpoena on Comcast Cable (hereinafter the "ISP"). *See UMG Recording, Inc. v. Doe*, 2008 WL 4104214, *4 (N.D. Cal. 2008); and *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008);

2. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the Defendant to whom the ISP assigned an

1

[Amended Proposed] Order on *Ex-Parte* Motion for Leave to Serve Third Party Subpoena Prior to a Rule 26(f) Conference
Case No. 3:17-cv-07007-EDL

IP address as set forth on Exhibit A to the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order;

    3.    Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to one of the Defendants;

    4.    If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
> (A)  who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
> (B)  who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to the Defendant; and

    5.    Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

    6.    Each subscriber and the ISP shall have 30 days from the date of service upon him, her, or it to file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena). If the 30-day period lapses without the subscriber contesting the subpoena, the ISP shall have 10 days to produce to Plaintiff the information responsive to the subpoena with respect to that subscriber.

7. The ISP shall preserve all subpoenaed information pending the ISP's delivering such information to Plaintiff or the final resolution of a timely filed motion to quash the subpoena with respect to such information.

8. If the ISP produces information regarding the identity of Defendant to Plaintiff, Plaintiff shall not publicly disclose that information until Defendant has an opportunity to file a motion with this Court to be allowed to proceed in this litigation anonymously and that motion is ruled on by the Court. If Defendant fails to file a motion for leave to proceed anonymously within 30 days after he or she receives notice that his or her information is disclosed to Plaintiff, this limited protective order will expire. If Defendant includes identifying information in his or her request to proceed anonymously, the Court finds good cause to order the papers filed under seal until the Court has an opportunity to rule on the request. *See Digital Sin*, 2011 WL 5362068, at *4. In the event Defendant's request is placed under seal, the Court will direct Defendant to submit a copy of the under-seal request to Plaintiff and will ensure that Plaintiff has time to respond.

**DONE AND ORDERED** this  6th day of February, 2018.

By: _/s/ Elizabeth D. Laporte_
The Honorable Elizabeth D. Laporte
**UNITED STATES MAGISTRATE JUDGE**

3

[Amended Proposed] Order on *Ex-Parte* Motion for Leave to Serve Third Party Subpoena Prior to a Rule 26(f) Conference

Case No. 3:17-cv-07007-EDL